IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CR-11-1751-TUC-CKJ |
| Plaintiff, | |
| vs. | **ORDER** |
| TODD RUSSELL FRIES, *aka TODD BURNS,* | |
| Defendant. | |

On January 9, 2012, Magistrate Judge Charles R. Pyle issued a Report and Recommendation ("R & R") [Doc. 69] in which he recommended that Defendant's Motion to Dismiss Count Two of the Indictment [Doc. 59] be granted. The R & R provided that any party could file written objections within fourteen (14) days after being served with a copy of the R & R. On January 20, 2012, the Government filed its Objection to Magistrate Judge's Report and Recommendation [Doc. 75]. Defendant filed his Response to Government's Objections [Doc. 79] on January 26, 2012.

## I. STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema*

*Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *See also, Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

## II. FACTUAL BACKGROUND

Magistrate Judge Pyle's R & R [Doc. 69] did not include a factual recitation. Although the Government's Objection [Doc. 75] includes an extensive factual background, the Court finds that this recitation is unnecessary to ruling on Defendant's motion. At oral argument, the Government explained that "Device number one was four to five buckets which were grouped together in the front of the garage." *Hr'g Tr. 1/20/12* [Doc. 74] at 10:5-6. "Device number two was in the back yard . . . and it partially disintegrated[.]" *Id.* at 10:12-13. The Government further averred that "there were two separate actions of not only putting the buckets down, putting the components in, but there was two separate ignitions of those devices that occurred." *Id.* at 11:12-14.

On August 31, 2011, the Superseding Indictment [Doc. 48] charged Defendant with *inter alia* two counts of violating the prohibition against chemical weapons. The charges are as follows:

### COUNT 1

On or about August 2, 2009, at or near Tucson, in the District of Arizona, the defendant, TODD RUSSELL FRIES, aka Todd Burns, did knowingly develop, produce and otherwise acquire, transfer directly or indirectly, receive, stockpile, retain, own possess, use , and threaten to use a chemical weapon, namely a combination of chlorcyanuric acid and an unknown reactive chemical component, which when combined created a toxic chemical, to wit: chlorine and a resulting chlorine cloud not intended for peaceful purposes, protective purposes, unrelated military purposes or law enforcement purposes as described in 18 U.S.C. § 229F(7), by placing a device on the driveway in front of the garage at the residence located at 2870 W. Magee Road.

In violation of 18 U.S.C. § 229(a) and 18 U.S.C. § 2.

### COUNT 2

On or about August 2, 2009, at or near Tucson, in the District of Arizona, the defendant, TODD RUSSELL FRIES, aka Todd Burns, did knowingly develop, produce and otherwise acquire, transfer directly or indirectly, receive, stockpile, retain, own possess, use , and threaten to use a chemical weapon, namely a combination of chlorcyanuric acid and an

unknown reactive chemical component, which when combined created a toxic chemical, to wit: chlorine and a resulting chlorine cloud not intended for peaceful purposes, protective purposes, unrelated military purposes or law enforcement purposes as described in 18 U.S.C. § 229F(7), by placing a device on the back porch of the residence located at 2870 W. Magee Road.

In violation of 18 U.S.C. § 229(a) and 18 U.S.C. § 2.

Superseding Indictment [Doc. 48] at 1-2.

## III. ANALYSIS

The Government objects to Magistrate Judge Pyle's R & R based on his reliance on the term "any" in the statute. Govt.'s Obj. to R & R [Doc. 75] at 5. The Government states that "[t]he Magistrate Court's decision was based on the opinions in *Bell v. United States*, 349 U.S. 81 (1955) and *United States v. Kerry*, 104 F.3d 1111 (9th Cir. 1997), both of which were cited by the defense and are distinguishable from the present case." Govt.'s Obj. to R & R [Doc. 75] at 6. The Government goes on to distinguish the Ninth Circuit Court of Appeals opinion in *Keen*, highlighting that the statute at issue was a status offense and therefore distinguishable from the case at bar. *Id.* The Government did not, however, distinguish the instant case from the Supreme Court's decision in *Bell*. It is this latter opinion that this Court finds compelling.

In *Bell*, the Supreme Court considered whether the Mann Act made "the simultaneous transportation of more than one woman . . . liable to cumulative punishment for each woman so transported." *Bell v. United States*, 249 U.S. 81, 82-3, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955).[1] The *Bell* Court determined that transporting two women, albeit in the same vehicle

---

[1] "The relevant provisions of the [Mann] Act in its present form are:
'Whoever knowingly transports in interstate or foreign commerce * * * any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose. * * *

'Shall be fined not more than $5,000 or imprisoned not more than five years, or both.' s 2 of the Act of June 25, 1910, 36 Stat. 825, 18 U.S.C. s 2421, 18 U.S.C.A. s 2421." *Bell*, 249 U.S. at 82, 75 S.Ct. at 621 (alterations in original).

and same trip, should have been charged as one count. *Id.* at 82-4, 75 S.Ct. at 621-22. The Court made clear that the rule of lenity should apply, stating:

> When Congress has the will it has no difficulty in expressing it – when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity.

*Bell*, 349 U.S. at 83, 75 S.Ct. at 622. In dissent, Justice Minton stated that "[t]he statute does not seem ambiguous to me. . . . To me the statute means that to transport one or more women or girls in commerce constitutes a separate offense as to each one." *Id.* at 84, 75 S.Ct. at 622, (Minton, J. dissenting). This comment exemplifies that a construction in which the term "any" is interpreted to mean more than one contravenes the rule of lenity.

Section 299(a), 18 U.S.C. provides in relevant part "Except as provided in subsection (b), it shall be unlawful for any person knowingly – (1) to develop, produce, otherwise acquire, transfer directly or indirectly, receive, stockpile, retain, own possess, or use, or threaten to use, any chemical weapon[.]" 18 U.S.C. § 229(a). A review of the Congressional Record for the 105th Congress does not address the legislative intent behind the term "any." Regarding the legislation, Senator Kyl stated in relevant part:

> I would like to briefly describe the legislation at this time. I think it should be noncontroversial, though the Chemical Weapons Convention itself is very controversial[.] . . . "The title of the bill – or let me actually read the description of the title of the bill to begin this description: To provide criminal and civil penalties for the unlawful acquisition, transfer, or use of any chemical weapon or biological weapon, and to reduce the threat of acts of terrorism or armed aggression involving the use of any such weapon against the United States, its citizens, or Armed Forces, or those of nay allied country . . . [W]e found that while it is illegal in the United States to possess or manufacture biological weapons, there is no criminal prohibition upon the manufacture or possession of chemical weapons.

*Congressional Record 105th Congress* S3312, April 17, 1997. Having considered the language of the statute, and the legislative history, this Court finds that it is bound to follow the rule of lenity as delineated in *Bell*.

Accordingly, after an independent review of the pleadings, exhibits and transcript, IT IS HEREBY ORDERED that:

1. The Report and Recommendation [Doc. 69] is ADOPTED;

2. Defendant Fries' Motion to Dismiss Count Two of the Indictment [Doc. 59] is GRANTED. The allegations of Count Two are consolidated within Count One.

DATED this 27th day of February, 2012.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge