IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>TODD RUSSELL FRIES<br>Defendant. | No. CR-11-01751-CKJ-TUC<br>**ORDER** |

On June 26, 2012, Magistrate Judge Charles R. Pyle issued a Report and Recommendation (Doc. 123) in which he recommended that Defendant Fries' Motion to Sever Counts Four and Five (Doc. 65) be granted, Defendant Fries' Motion to Dismiss Counts Four and Five (Doc. 80) be denied and Defendant Fries' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 81) be denied. On July 13, 2012, Defendant Fries filed an Objection to the June 26, 2012 Report and Recommendation. (Doc. 129). The Government filed a response on August 6, 2012. (Doc. 142).

*Motion to Sever*

The Government has not objected to the Magistrate Judge's recommendation to grant Defendant Fries' Motion to Sever. (Doc. 65). Pursuant to Rule 59, Federal Rules of Criminal Procedure, failure to file an objection waives a party's right to review. After an independent review, this Court agrees with the Report and Recommendation that Counts Four and Five of the Indictment are not sufficiently of similar character or connected to meet the requirements of Rule 8(a) of the Federal Rules of Criminal

Procedure. Therefore, severance is appropriate.

*Motion to Dismiss Counts Four and Five*

Defendant's Motion to Dismiss Counts Four and Five is based on the theory that those counts are duplicitous. Defendant Fries has not objected to the Magistrate Judge's recommendation to deny Defendant Fries' Motion to Dismiss Counts Four and Five. After an independent review of the Report and Recommendation, this Court agrees with the Report and Recommendation that Counts Four and Five of the Indictment are not duplicitous.

*Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Defendant Fries has filed an Objection to the Magistrate Judge's recommendation that his Motion to Dismiss for Lack of Subject Matter Jurisdiction be denied. Defendant argues that the Court lacks subject matter jurisdiction over Counts One and Two of the superseding indictment charging the Defendant with violating 18 U.S.C. 229(a). 18 U.S.C. §229(c) outlines when the federal courts have jurisdiction. It reads:

> (c) Jurisdiction – Conduct prohibited by subsection (a) is within the jurisdiction of the United States if the prohibited conduct -
> 
> (1) takes place in the United States;
> 
> (2) takes place outside of the United States and is committed by a national of the United States;
> 
> (3) is committed against a national of the United States while the national is outside the United States; *or*
> 
> (4) is committed against any property that is owned, leased or used by the United States or by any department or agency of the United States, whether the property is within or outside the United States.

18 U.S.C. §229(c) (emphasis added). Defendant argues that the Magistrate Judge incorrectly applied this statute's jurisdictional definition in denying his Motion.

Specifically, Defendant purports that the Magistrate Judge failed to give weight to subsection (c)(4) of the statute, which according to the Defendant, limits jurisdiction to instances where the crime is committed against property owned, leased or used by the United States. While Defendant acknowledges that there is no factual dispute in this case that the incident occurred in the United States, he argues that since it was directed at a private residence, this Court does not have jurisdiction pursuant to the statue.

Defendant is correct that statutory language should be interpreted consistent with the provisions of the whole law. *Holloway v. United States*, 526 U.S. 1, 9, 119 S.Ct. 966, 971 (1999). However, despite arguing that the Magistrate Judge failed to adhere to this principle, it is in fact the Defendant who has failed to adhere to this principle. The Defendant has failed to consider the word "or", which is contained in the statute and is a critical word in this analysis. "In construing a statute we are obliged to give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331 (1979). Since the disjunctive "or" was used in the statute, each subsection must be given separate consideration, unless the context dictates otherwise. *Id*. 18 U.S.C. §229(c) provides four separate ways jurisdiction can be established. Defendant's construction of the law would ignore the disjunctive "or" and arbitrarily insert the conjunctive "and", which would make the statute paradoxical.

In Defendant Fries' Objections to the Magistrate's Report and Recommendation (Doc. 129), he does not argue the constitutionality of 18 U.S.C. §229, however, in Defendant Fries' earlier Motion to Dismiss for Lack of Subject Matter Jurisdiction, he argued that 18 U.S.C. §229 was unconstitutional as applied to the Defendant because the acts alleged did not have a substantial impact on interstate commerce. (Doc. 81). An analysis as to whether 18 U.S.C. §229 is Constitutional under the Commerce Clause is not necessary. The statute is constitutional pursuant to the federal government's Treaty Power under Article II, §2 of the United States Constitution in conjunction with the Necessary and Proper Clause, Article I, §8. *United States v. Bond*, 681 F.3d 149 (3rd Cir. 2011).

Accordingly, IT IS ORDERED

1. The Report and Recommendation (Doc. 123) is ADOPTED.

2. Defendant's Motion to Sever Counts Four and Five (Doc. 65) is GRANTED. The government will initially proceed to trial on Counts One and Two of the Second Superseding Indictment.

3. Defendant's Motion to Dismiss Counts Four and Five (Doc. 80) is DENIED.

4. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 81) is DENIED.

Dated this 27th day of August, 2012.

_____
Cindy K. Jorgenson
United States District Judge